SHEPARD, Chief Justice,
concurring.
We have been urged from time to time to impose a warranty of habitability on every Indiana residential lease as a matter of common law.
I think we have been wise to decline these invitations, believing that a housing market in which landlords and tenants are empowered to strike their own bargains as to quality and price of housing tends to produce a wider range of options, and that a market affected by judicial restriction of such bargaining likely produces less housing and raises prices for those in the lowest in-comes. See Johnson v. Scandia Assoc., 717 N.E.2d 24, 30 (Ind.1999).
My assessment of this question has partly rested on the knowledge that most Indiana renters (as this case shows, even those in many smaller cities) are protected by the enactment and enforcement of local housing codes.
Amicus for the state's apartment owners has asked us to prohibit regular inspection of rented housing. Indeed, they have urged us to hold that even when a tenant complains about a housing code violation (say, a fire safety threat), the city cannot investigate the threat without going to court for a warrant.
Of course, the Court has not embraced this position. Had we done so, the resultant bowdlerizing of local ordinances protecting renters would have suggested, to me at least, that the idea of recognizing a general implied warranty. of habitability would bear revisiting.